UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI ABDUL COLEMAN, | No. 2:21-cv-0625-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Pending before the court for screening is plaintiff Saahdi Abdul Coleman's civil rights complaint, purportedly brought along with co-plaintiffs Lendward Mixon, Christian Morones, Dedrick Sevier, and Doshmen Johnson. ECF No. 1. Plaintiff Coleman has also filed an application to proceed in forma pauperis and a "motion for emergency injunctive relief and order deeming plaintiffs' administrative remedies exhausted." ECF Nos. 2, 3.

I.     <u>Action Construed as Individual Suit Brought by Sole Plaintiff, Mr. Coleman</u>

    a.   <u>No Claims on Behalf of Other Inmates</u>

Plaintiff Coleman lists four other inmates as a co-plaintiffs in his complaint.[1] Mr. Coleman, however, cannot bring an action on behalf of his fellow inmates because he is

---

[1] As noted below, none of these purported co-plaintiffs signed the complaint.

1

proceeding pro se in this action. Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of prisoners. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a non-attorney may appear in propria person in his behalf, that privilege is personal to him." *C.E. Pope Equity Trust*, 818 F.2d at 697.

    b. <u>Permissive Joinder Denied</u>

Furthermore, plaintiff's fellow inmates may not be joined as co-plaintiffs in this action, and instead, must proceed with their own separate lawsuits. Generally, "Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (internal citations omitted); *see* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

However, actions brought by multiple prisoners in pro se present unique problems not presented by ordinary civil litigation. For example, transfer of one or more plaintiffs to different institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion. In addition, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately.

To proceed with a civil action, each plaintiff must pay the $402 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis and submit the affidavit and trust

account statement required by 28 U.S.C. § 1915(a). The PLRA expressly requires that a prisoner, where proceeding in forma pauperis, pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts. *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001); 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Jon Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee on commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."); *see also Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002). In order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must each pay the full filing fee. *E.g., Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98. However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee in accordance with § 1915(b)(1) and the apparent intent of Congress, the amount of fees collected would exceed the amount permitted by statute for commencement of the action, in violation of § 1915(b)(3).

To avoid the problems related to case-management and required filing fees, permissive joinder of Lendward Mixon, Christian Morones, Dedrick Sevier, and Doshmen Johnson as co-plaintiffs in this action is denied. They may each, however, proceed with their own claims in new actions. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 846 (3d Cir. 2006) (claims that are severed rather than dismissed may continue in a separate suit to avoid statute of limitations barrier that might arise in event of dismissal).

Severance, however, is complicated by the fact that none of the purported co-plaintiffs signed the complaint or submitted their own applications to proceed in forma pauperis. If any of the purported co-plaintiffs intended to join Coleman in this case, they must notify the court within 14 days from the date this order is served. Each purported co-plaintiff may so notify the court by

individually filing a signed complaint and either paying the $402 filing fee or submitting an individual request to proceed in forma pauperis. However, if a purported co-plaintiff so notifies the court, his case will be severed and proceed separately from this action. Coleman will continue as the sole plaintiff in this case. Further, if a purported co-plaintiff does not so notify the court, the court will issue findings and recommendations to dismiss him from this action entirely.

To avoid the problems related to case-management and filing fees, permissive joinder of Devon Banks, D'Ante Miller, Danqwail Jones, Kantrell Carlisch, Joshua W. Ransom, Kimani Randolph, David Eggman, and Frisco Asi, as co-plaintiffs in this action is denied. They may each, however, proceed with their own claims in new actions. *See DirecTV, Inc.*, 467 F.3d at 846 (claims that are severed rather than dismissed may continue in a separate suit to avoid statute of limitations barrier that might arise in event of dismissal).

II. <u>Plaintiff Coleman's Request to Proceed In Forma Pauperis</u>

Plaintiff Coleman has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

III. <u>Screening Order</u>

a. <u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

4

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

b. Discussion

Rule 8 requires the pleader to set forth his averments in a simple, concise, and direct manner. Plaintiff has not done so. Indeed, a considerable portion of the 22-page handwritten complaint concerns claims belonging to the four purported co-plaintiffs. Further, the complaint names 48 defendants. In many instances, it is not clear whether it is plaintiff or a purported co-plaintiff who is asserting a claim against a specific defendant or group of defendants.

c. Leave to Amend

Plaintiff must therefore file an amended complaint that complies with the pleading requirements set forth in Rule 8. In any amended complaint, plaintiff must limit the allegations to claims personal to him and link every alleged violation of his rights to a specific defendant or
/////

5

defendants. If plaintiff chooses to file an amended complaint it should also observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

IV. <u>Motion for Injunctive Relief</u>

Plaintiff Coleman has also filed a "motion for emergency injunctive relief and order deeming plaintiffs' administrative remedies exhausted." ECF No. 3. Plaintiff's motion must be denied because he may not seek injunctive relief on behalf of others. To the extent he seeks relief

personal to him, he fails to meet the minimum threshold for merit to satisfy the requisite standards.[2]  At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits.  *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982).  As discussed above, his complaint must be dismissed for failure to comply with Rule 8 and at present he has shown no likelihood of success on the merits of any claim.  Accordingly, plaintiff's motion must be denied.

V. Conclusion

Accordingly, it is ORDERED that:

1. Permissive joinder of Lendward Mixon, Christian Morones, Dedrick Sevier, and Doshmen Johnson as co-plaintiffs in this action is DENIED.

2. Within fourteen days from the date this order is served, Lendward Mixon, Christian Morones, Dedrick Sevier, and Doshmen Johnson are individually directed to notify the court if he wishes to proceed with the complaint by filing a copy of the original complaint reflecting his own signature and either paying the filing fee or requesting leave to proceed in forma pauperis.  Failure to so respond will result in a presumption that he does not wish to proceed with this case and a recommendation that he be dismissed from this action.

3. The Clerk of the Court is directed to serve a copy of the complaint and this screening order to the purported co-plaintiffs at the following addresses:

> Lendward Mixon
> CDCR No. V69694
> California State Prison, Corcoran
> P.O. Box 8800
> Corcoran, CA 93212

---

[2] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964).  The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, ––– U.S. –––, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

Christian Morones
CDCR No. T04393
California State Prison, Sacramento
P.O. Box 290001
Represa, CA 95671

Dedrick Sevier
CDCR No. G49927
California State Prison, Sacramento
P.O. Box 290001
Represa, CA 95671

Doshmen Johnson
CDCR No. AB2319
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960

4. Plaintiff Coleman's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

5. Plaintiff Coleman shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, it is RECOMMENDED that plaintiff's "motion for emergency injunctive relief and order deeming plaintiffs' administrative remedies exhausted" (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE