UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI ABDUL COLEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-0625-TLN-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Following the dismissal of his original complaint on screening[1] (ECF No. 6), plaintiff has filed an amended complaint (ECF No. 23), which the court must now screen. For the reasons discussed below, plaintiff's amended complaint is dismissed with leave to amend.

/////

/////

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

Screening Order

As an initial matter, plaintiff cannot proceed with the amended complaint because significant portions of it are illegible, in violation of Rule 8.  *See* ECF No. 23 at 3, 6, 8, 10, 13, 16.

The portions that are legible are also problematic.  In summary, the amended complaint names 47 defendants and alleges the following: (1) in May of 2020, defendants Gavin Newsom, Ralph Diaz, Kathleen Allison and Jeff Lynch created and maintained policies that ensured plaintiff would illegally remain in solitary confinement long-term in violation of the Eighth Amendment; (2) defendants Riley, Manson, Collinsworth, Fredriks, Nguyen, Bucholz, Simpson, Castillo, Burkheart, Perez, Martinez, Avila, Hernandez, Sanchez, Lee, Sullivan, Arthur, Desmones, Sandejo, Singh, Thompson, Bell-Sprinkle, and Martinez allowed plaintiff to live in solitary confinement under conditions that violate the Eighth Amendment; (3) in October of 2020, defendant Dr. Morgan was deliberately indifferent to plaintiff's mental health needs; (4) in June of 2020, defendant Kelly refused to process plaintiff's grievance and facilitated retaliation against plaintiff by other prison officials; (5) defendants Nguyen, Perez, Martinez, Bucholz, Avila, Castillo, Hernandez, Sanchez, Sullivan, Arthur, Lee, Ledell, Desmones, Fredricks, Simpson, Sandejo, Mansion, and Collinsworth placed plaintiff at risk for contracting Covid-19 because of their complete disregard for safety protocols; (6) defendants Gavin Newsom, Ralph Diaz and Kathleen Allison failed to ensure that their Covid safety protocols were carried out and in June of 2020, they allowed infected inmates from San Quentin to be transferred to California State Prison, Sacramento; (7) defendant Tyler coughed at plaintiff's cell door after announcing that he had likely been exposed to Covid-19; (8) "doe" defendants put plaintiff at risk for not receiving medical treatment if plaintiff contracted Covid-19 by falsely reporting information to medical staff; (9) defendants Thompson, Bell-Sprinkle, and Martinez did not maintain confidentiality of plaintiff's mental health issues and regularly denied plaintiff access to mental health treatment; (10) defendant Fredriks interfered with plaintiff's mental health treatment and set plaintiff up as a target for other inmates; and (11) defendant Nguyen retaliated against plaintiff for filing grievances by disseminating to other inmates a group grievance filed by plaintiff (and containing

2

sensitive and personal information) that prison officials had retitled, "Hurt Feelings Report," and that report has followed plaintiff to another prison, where he is the target of violence and ridicule from other inmates.

Notwithstanding the serious and disturbing nature of many of plaintiff's allegations, the amended complaint must be dismissed with leave to amend. This type of complaint is often characterized as a "shotgun" or "kitchen-sink" complaint "in which a plaintiff brings every conceivable claim against every conceivable defendant." *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011). The complaint fails to meet the "short and plain statement" requirements of Rule 8, as well as the joinder requirements of Rule 20. Rule 20 authorizes multiple defendants in a single action only if their challenged conduct arises out of common events and reflects common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.").

The scattershot approach taken by plaintiff combined with the fact that portions of the complaint are illegible make it so the court cannot reasonably discharge its screening responsibility under § 1915A. Plaintiff must therefore file an amended complaint that complies with the pleading requirements set forth in Rule 8. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases); *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly pleaded claim, which could be "read in seconds and answered in minutes").

For these reasons, plaintiff's amended complaint is dismissed with leave to amend.

/////
/////
/////
/////

Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

/////

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 23) is DISMISSED with leave to amend within 30 from the date of service of this order; and

2. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: May 12, 2022.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE