UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | No. 2:21-cv-00625-TLN-EFB<br><br>**ORDER** |

Plaintiff Saahdi Coleman ("Plaintiff"), proceeding *pro se*, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 9, 2024, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (ECF No. 76.)  On September 20, 2024, Defendants N. Thompson, S. Manson, K. Morgan, G. Collinsworth, J. Stewart, J. Kelley, G. Jones, D. Contreras, J. Lynch, B. Nguyen, J. Frederick, M. Burkhart, and J. Macomber (collectively, "Defendants") filed objections.  (ECF No. 77.)

The Court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  For the reasons

set forth below, the Court declines to adopt the recommendation to deny Defendants' request to dismiss the injunctive relief claims against Defendant California Department of Corrections and Rehabilitation Secretary J. Macomber (successor to Defendant Allison) ("Defendant Macomber").

The relevant facts and legal standards as to Plaintiff's injunctive relief claims are set forth in the findings and recommendations and need not be repeated here. The magistrate judge found "Plaintiff's requests for injunctive relief are not a separate cause of action," but rather "injunctive relief is a remedy that will turn upon whether [P]laintiff can actually prove the requisite elements of his substantive claims." (ECF No. 76 at 15.) Based on this, the magistrate judge found the Court should deny Defendants' request to dismiss the injunctive relief claims.

Defendants argue the magistrate judge erred in failing to dismiss Defendant Macomber and the injunctive relief claims as moot. (ECF No. 77 at 7.) Defendants note Plaintiff's injunctive relief claims are premised on the alleged conditions he experienced during his stay in the Short-Term Restricted Housing ("STRH") unit at California State Prison – Sacramento ("CSP-Sac") in 2020, but Plaintiff was transferred out of CSP-Sac before this lawsuit was filed. (*Id.*) Defendants therefore contend the injunctive relief claims are moot as Plaintiff is no longer at CSP-Sac. (*Id.*) The Court agrees with Defendants.

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). Indeed, a number of courts have found that an inmate's claims for injunctive relief are moot upon the inmate's release from the conditions or policies he challenges. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action . . . The reason is that the released inmate is no longer subject to the prison conditions or policies he challenges."); *Darring v. Kincheloe*, 783 F.2d 874, 876 (finding state prisoner's claim to enjoin

1  enforcement of a state penitentiary's institutional order on the basis that it violated his
2  constitutional rights was moot because he was transferred from the state penitentiary to a
3  corrections center, and the district court found neither a "reasonable expectation" nor
4  "demonstrated probability" he would again return to the state penitentiary); *Jones v. Burk*, No. ,
5  2009 WL 841032, at *6 ("When an inmate seeks injunctive or declaratory relief concerning the
6  prison where he is incarcerated, his claims for such relief become moot when he is no longer
7  subjected to those conditions." (citing *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Enrico's, Inc.
8  v. Rice*, 730 F.2d 1250, 1255 (9th Cir. 1984)).

   Here, Plaintiff has not stated any claims against Defendant Macomber in his official capacity because Plaintiff was transferred out of CSP-Sac and is therefore no longer subject to the alleged conditions he claims he was subjected to in CSP-Sac in 2020. Any injunctive relief claims related to Plaintiff's stay in CSP-Sac are therefore moot. The magistrate judge was correct that, to the extent Plaintiff seeks "system-wide" relief related to his stay in the STRH unit, those claims must be dismissed and presented in the pending *Coleman* class action. (ECF No. 76 at 8–10.) The Court DISMISSES Plaintiff's injunctive relief claims against Defendant Macomber and DISMISSES Defendant Macomber from this action.

   Accordingly, IT IS HEREBY ORDERED that:

   1. The Findings and Recommendations filed September 9, 2024 (ECF No. 76), are ADOPTED IN PART;

   2. Defendants' Motion to Dismiss (ECF No. 53) is:

       a. GRANTED IN PART without leave to amend as to Plaintiff's claims for injunctive relief against Defendant Macomber;

       b. GRANTED IN PART without leave to amend as to Plaintiff's Eighth Amendment claims against all Defendants regarding his placement and length of stay in the STRH Unit at CSP-Sac;

       c. GRANTED IN PART with leave to amend as to Plaintiff's Eighth Amendment conditions-of-confinement claims; and

       d. DENIED as to Plaintiff's 14th Amendment claim against Defendant

Thompson;

3. Defendant Kelley's Motion to Dismiss (ECF No. 58) is GRANTED with leave to Amend; and

4. Should Plaintiff wish to cure the deficiencies identified in the Findings and Recommendations with respect to claims dismissed with leave to amend, Plaintiff may file an amended complaint not later than thirty (30) days after the electronic filing date of this Order. Defendants shall file any responsive pleading not later than twenty-one (21) days from the electronic filing date of Plaintiff's amended complaint.  If Plaintiff opts not to file an amended complaint, the case will proceed against Defendants on the remaining claims, and Defendants shall file an answer not later than twenty-one (21) days from the deadline for filing an amended complaint.

IT IS SO ORDERED.

DATE: September 30, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE