1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    SAAHDI ABDUL COLEMAN.,                    No. 2:21-cv-00625-TLN-EFB (PC)

11                    Plaintiff,

12          v.                                  FINDINGS AND RECOMMENDATIONS

13    CALIFORNIA DEPARTMENT OF
      CORRECTIONS AND
14    REHABILITATION., et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  Plaintiff initiated this action on March 20, 2022 (ECF No. 1) and filed his Fourth

19    Amended Complaint (FAC) on December 23, 2024.  ECF No. 81.  The FAC alleges claims

20    against multiple defendants for violation of the First, Eighth, and Fourteenth Amendments.  *Id.*

21    Defendants have now filed a motion to dismiss the Eighth Amendment claims as to all

22    defendants; dismiss the First Amendment claim against defendant Kelley; dismiss defendants

23    Kelley, Lynch, Stewart, Jones, Morgan, Frederick, and Contreras from the action; and strike the

24    additional Fourteenth Amendment allegations against defendant Thompson as unauthorized.

25    Defendants contend that plaintiff's action should proceed only on the First Amendment claims

26    against defendants Freriks, Burkhart, Collinsworth, Tyler, Manson, and Nguyen, and the

27    Fourteenth Amendment claim against defendant Thompson based solely on cell-side

28    consultations.  ECF No. 84-1.  Defendants also maintain that because plaintiff is already on his

1  fifth complaint, further leave to amend should not be granted.  For the following reasons, it is

2  recommended that defendants' motion be GRANTED in its entirety.

3  **I.      Plaintiff's Allegations**

4       The allegations in the FAC (ECF No. 81) are as follows.[1]  Plaintiff alleges that while he

5  was in the Short-Term Restricted Housing (STRH) unit at California State Prison-Sacramento

6  (CSP-SAC), he was subject to unconstitutional conditions of confinement and retaliation.  His

7  complaints include lack of light in his cell, lack of hot water in some showers, lack of a working

8  ventilation system, and failure to follow COVID-19 safety protocols such as wearing masks and

9  disinfection of "phones, yard cages, [and] showers" between uses.  FAC at ¶¶ 33, 37-42.

10      Plaintiff alleges that defendants Freriks[2], Nguyen, Collinsworth, and Manson "jointly and

11  severely" denied "all sanitation and hygiene protocols" to plaintiff.  *Id.* at ¶¶ 51-53.  Plaintiff

12  alleges that he reported unconstitutional conditions to defendants Lynch, Stewart, Jones, Morgan,

13  Frederick, Contreras, and Collinsworth on five occasions, but that they "refused" to help him.  *Id.*

14  at ¶¶ 58, 60-63.  Plaintiff also maintains that these defendants were on his classification

15  committee, and that they "walked each tier" on the days they "conducted committee."  *Id.*  at ¶¶

16  58, 65. [3]  Plaintiff alleges that he "informed correctional custody staff" and "mental health staff"

17  about a cold cell and a broken light.  *Id.* at ¶¶ 66-75.

18      Plaintiff maintains that his complaints and grievances led to retaliation.  *Id.* at ¶ 76.

19  Specifically, he alleges that defendant Kelley "made the appeals system unavailable" to him.  *Id.*

20  at ¶¶ 77-79.  Plaintiff also alleges that defendant Kelley changed the appeal system rules and

21  failed to report sexual harassment.  *Id.* at ¶ 80.  Plaintiff alleges that on June 10, 2020, he

---

[1] These allegations are from the FAC and are accepted as true for the purposes of this motion.

[2] Plaintiff makes allegations in the FAC against defendant J. Frederick and defendant B. Freriks.  Defendant Freriks is now deceased.  ECF No. 46.  Defendant Freriks' successor or representative has not been served.  ECF No. 68.  Defendant Tyler has also not been served.  ECF No. 93.

[3] Although plaintiff's complaint does not define "classification committee" or what he means when he states that defendants "conducted committee," the CDCR website states that "[e]ach determination affecting an incarcerated person's placement within an institution/facility, transfer between facilities, program participation, work group, or custody designation is made by a classification committee."  *See* www.cdcr.ca.gov.

1   informed defendants Lynch, Morgan, Frederick, and Collinsworth that he "was being denied

2   access to clean clothes, bedding, that staff refused to follow COVID-19 safety protocols and that

3   the staff members in charge of running the STRH Unit were failing to hold custody staff

4   responsible." *Id.* at ¶ 82.  Afterwards, according to plaintiff, defendant Collinsworth retaliated

5   by, *inter alia*, pressing his elbow against plaintiff's throat.  *Id.* at ¶¶ 84-85.

6           Plaintiff alleges that he and other unnamed inmates filed a "group appeal" against

7   defendants Collinsworth and Manson on June 22, 2020, but that the appeal was "returned unfiled"

8   and then "refiled" a week later.  *Id.* at 88-90.  Plaintiff maintains he wrote defendant Lynch about

9   the failure of the appeals office to file his grievance.  *Id.*  Plaintiff claims defendant Tyler stated

10  he thought he was exposed to COVID but was unable to go home, thus putting plaintiff and other

11  inmates at risk.  *Id.* at ¶¶ 91, 93-94.

12          Plaintiff alleges that his cell was "trashed" in retaliation for his group inmate appeal, and

13  that he informed internal affairs of this alleged retaliation in a letter filed July 22, 2020.  *Id.* at ¶

14  98.  Plaintiff does not allege Kelley, or any other defendant saw this letter.  Plaintiff alleges that

15  Kelley made every "written report, request for interview, or grievance disappear." *Id.* at ¶ 100.

16  Plaintiff maintains he submitted another group appeal on August 20, 2020; he alleges defendant

17  Freriks subsequently retaliated against him by slamming his cell door and making comments

18  about plaintiff's genitals that could be heard by other inmates.  *Id.* at ¶¶ 101-103.  Plaintiff also

19  claims his cell was trashed in retaliation on September 21, 2020.  *Id.* at ¶ 104.

20          Plaintiff alleges that defendant Thompson, who was his mental health provider, allowed

21  defendant Freriks to overhear part of their conversation about derogatory comments Freriks made

22  to plaintiff.  *Id.* at ¶¶ 106-107.  Plaintiff also maintains that, subsequent to this, Freriks continued

23  to harass him about his mental health treatment, and Freriks encouraged other inmates to harass

24  him.  *Id.* at ¶¶ 109-111.  Plaintiff claims that defendants Tyler, Burkhard, and Nguyen also

25  harassed plaintiff, and that Burkhart took him to the yard while Burkhart was sick with COVID-

26  like symptoms, and that plaintiff subsequently got sick as well.  *Id.* at ¶¶ 115-118. Plaintiff alleges

27  that he reported sexual harassment by defendant Freriks to Dr. Morgan on October 21, 2020, and

28  also personally told Lynch, Stewart, Jones, Frederick, Contreras, Collinsworth, and Manson that

3

1  he had been sexually harassed. *Id.* at ¶¶ 121-122.

2  According to plaintiff, disregard for his safety in the STRH unit was a "daily occurrence",

3  and he "reported every allegation, violation or attack" to defendants Lynch, Morgan, Thompson,

4  Stewart, Jones, Frederick, Contreras, Collinsworth, and Manson. *Id.* at ¶¶ 124, 127. Plaintiff

5  does not specify which alleged violations he reported to defendants, and when these reports were

6  made; he does maintain that defendants failed to protect him. *Id.* at ¶ 127.

7  Plaintiff maintains he filed additional "group inmate appeals" on October 22, 2020,

8  November 22, 2020, and December 3, 2020. *Id.* at ¶¶ 129-131. He alleges that in his December

9  3, 2020 appeal he identified certain defendants as "key members of an STRH organized gang."

10  *Id.* at ¶ 131.

11  Plaintiff alleges that on October 21, 2021, he asked defendant Nguyen to wear a mask

12  when he escorted plaintiff to the shower because Nguyen was coughing and appeared sick. *Id.* at

13  ¶ 132. Nguyen allegedly retaliated by removing plaintiff from the shower and placing him in a

14  shower with no hot water. Plaintiff also alleges Nguyen subsequently distributed a document that

15  called plaintiff a "rat" or "snitch" and mentioned plaintiff's "anus bleeding." *Id.* at ¶¶ 134-138.

16  Plaintiff claims he filed written reports explaining that defendant Kelley's unspecified

17  actions were causing him harm. *Id.* at ¶¶ 145-146. Plaintiff alleges that Kelley subsequently

18  retaliated against him. *Id.* at ¶¶ 147-148. Plaintiff also maintains he reported assaults,

19  harassment, and inhumane living conditions to Kelley, who did nothing in response. *Id.* at ¶ 149.

20  Plaintiff maintains that defendant Thompson violated confidentiality in his therapy sessions with

21  plaintiff. *Id.* at ¶ 158. Plaintiff also adds new allegations against Thompson that were not a part

22  of his Third Amended Complaint (TAC). *Id.* at ¶¶ 101, 111, 159-177, 203-207.

23  Based on the allegations in the FAC, plaintiff alleges Eighth Amendment deliberate

24  indifference claims against defendants Lynch, Freriks, Morgan, Frederick, Nguyen, Burkhart,

25  Tyler, Stewart, Jones, Manson, Collinsworth, Contreras, and Kelley. *Id.* at ¶¶178-184. Plaintiff

26  asserts First Amendment retaliation claims against defendants Collinsworth, Manson, Tyler,

27  Frederick, Nguyen, Burkhart, and Kelley. *Id.* at ¶¶ 185-201. Against defendant Thompson,

28  plaintiff asserts a Fourteenth Amendment privacy claim. *Id.* at ¶¶ 202-207. Plaintiff seeks

1   monetary damages in the amount of $5,000,000.  *Id.* at ¶ 208.

2   **II.    Legal Standard**

3   A complaint may be dismissed for "failure to state a claim upon which relief may be

4   granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a

5   plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell*

6   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the

7   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

8   defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

9   (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

10  requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

11  *Iqbal*, 556 U.S. at 678.

12  Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

13  theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d

14  at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

15  claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).  In resolving a Rule

16  12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to

17  the plaintiff and accept all well-pleaded factual allegations as true (and any reasonable inference

18  supported by the facts).  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

19  For purposes of dismissal under Rule 12(b)(6), the court generally considers only

20  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

21  subject to judicial notice, and construes all well-pleaded material factual allegations in the light

22  most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

23  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

24  **III.    Analysis**

25  **A.  Eighth Amendment**

26  Plaintiff maintains that defendants violated his Eighth Amendment rights in numerous

27  ways.  The Eighth Amendment to the U.S. Constitution protects prisoners from inhumane

28  methods of punishment and inhumane conditions of confinement.  *Morgan v. Morgensen*, 465

1    F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of

2    confinement claim, and only those deprivations denying the minimal civilized measures of life's

3    necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v.*

4    *McMillan*, 503 U.S. 1, 9 (1992). To succeed on an Eighth Amendment conditions of confinement

5    claim, a prisoner must show that: 1) the defendant prison official's conduct deprived him or her of

6    the minimal civilized measure of life's necessities (the objective component); and 2) the

7    defendant acted with deliberate indifference to the prisoner's health or safety (the subjective

8    component). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To show deliberate indifference, the

9    prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate

10   health or safety; "the official must both be aware of facts from which the inference could be

11   drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at

12   837.

        **1.  Eighth Amendment Conditions of Confinement Claim Against Defendants
13          Lynch, Stewart, Jones, Morgan, Fredrick, Contreras, Freriks, Nguyen,
             Burkhart, Collinsworth, Tyler, and Manson**
14

15           Plaintiff maintains that his conditions of confinement in the STRH violated his Eighth

16   Amendment rights. In their motion to dismiss, defendants argue that plaintiff has failed to allege

17   sufficient facts to support his conditions of confinement claim against any defendant.

     Specifically, defendants allege that plaintiff has not, as required, alleged facts demonstrating that
18
     each individual defendant engaged in acts or omissions that resulted in constitutional deprivation
19
     to plaintiff. *See, e.g., Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir 1988) (section 1983 requires a
20
     showing of causation that is "individualized and focus[ed] on the duties and responsibilities of
21
     each individual defendant whose acts or omissions are alleged to have caused a constitutional
22
     deprivation"). Assertions that prison officers globally failed in their duties to protect a particular
23
     plaintiff is not sufficient to state a claim, absent specific "factual allegations tied to the
24
     defendants' respective duties and/or actions." *Diaz v. Resume*, 2018 WL 1626087, *3 (C.D. Cal.
25
     Mar. 30, 2018). Furthermore, because the "circumstance, nature and duration" of a condition of
26
     confinement must be examined to determine whether the condition violated the Eighth
27
     Amendment, a complaint must state such allegations in order to survive a motion to dismiss. *See*
28

1    *Johnson v. Lewis* 217 F.3d 726, 731 (9th Cir. 2000). Defendants also contend that plaintiff's

2    FAC violated Fed. R. Civ. P 8(a)(2), which "requires that the allegations in the complaint give the

3    defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Holley*

4    *v. County of Yolo*, 2007 WL 3274174, *3 (E.D. Cal. Nov. 5, 2007) (citations and quotations

5    omitted).

6         The court finds that plaintiff's FAC fails to state an Eighth Amendment conditions of

7    confinement claim against defendants Lynch, Stewart, Jones, Morgan, Fredrick, Contreras,

8    Freriks, Nguyen, Burkhart, Collinsworth, Tyler, and Manson. Plaintiff generally alleges that,

9    starting in May 2020, he was subjected to unconstitutional conditions in the STRH including no

10   working lights, no hot water in the majority of the showers, no working ventilation system, and

11   no sheet, blanket or clothing exchange, "even after being gassed." FAC at ¶ 33. Plaintiff also

12   alleges that unidentified defendants did not follow COVID-19 safety protocols. *Id.* at ¶ 42.

13        Plaintiff's allegations, however, do not tie a specific allegedly unconstitutional condition

14   to the conduct of any specific defendant. For example, plaintiff alleges that "the defendants acted

15   like an organized gang or brotherhood" (FAC at ¶ 37) but does not allege that any specific

16   defendant was responsible for shower cleanliness, laundry, or maintenance of light fixtures. Such

17   allegations cannot form the basis of a cognizable claim. *Ashcroft*, 556 U.S. at 676.

18        Other allegations in the FAC refer to specific defendants but are unspecific as to the

19   degree or duration of the alleged unconstitutional condition. For example, plaintiff alleges that

20   defendants Freriks, Nguyen, Burkheart, Collinsworth, and Manson "jointly and severely" denied

21   "all hygiene and safety protocols", but such allegations are conclusory and unspecific. In

22   addition, plaintiff does not plead facts showing that each of the conditions he challenges are, as

23   required, extreme deprivations denying the minimal civilized measures of life's necessities.

24   *Hudson*, 503 U.S. at 9.

25        Because the "circumstance, nature and duration" of a condition of confinement must be

26   examined in order to determine whether the condition violated the Eighth Amendment, the

27   absence of such allegations in the FAC also contributes to plaintiff's failure to state a cognizable

28   claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Furthermore, such allegations are

1   deficient because they fail to state that any specific defendant deprived plaintiff of necessary

2   hygiene and safety with deliberate indifference and recite the facts that show this. *Farmer,* 511

3   U.S. at 834.

4         Similarly, plaintiff's claims that he reported allegedly unconstitutional acts to supervisory

5   defendants who did not remedy them must fail. For example, plaintiff claims defendant Lynch

6   (the Warden of CSP-Sacramento), along with defendants Stewart, Jones, Morgan, Fredrick,

7   Contreras, and Collinsworth were members of his classification committee, and violated his

8   rights. FAC at ¶¶ 3, 58, 60, 62-63, 183. Plaintiff claims "defendants were made personally aware

9   of my unsafe, inhumane, and unconstitutional living conditions through my personal reports,

10   letters, grievances, and during the performance of their mandatory job duties." *Id.* at ¶ 62.

11   Plaintiff has not, however, stated sufficient facts demonstrating that the living conditions about

12   which he complains are unconstitutional, and without such allegations, plaintiff cannot

13   demonstrate a potential obligation on the part of the defendants to act. In addition, plaintiff has

14   not, as required, alleged non-conclusory and particularized facts tending to show that each

15   individual defendant was involved in or failed to prevent allegedly unconstitutional conditions.

16   *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (to properly plead supervisory liability, a

17   plaintiff must allege facts indicating that supervisory defendants either personally participated in

18   the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent

19   them (or remedy them), or promulgated or implemented a policy "so deficient that the policy

20   itself is a repudiation of constitutional rights and is the moving force of the constitutional

21   violation.").

22         Plaintiff does identify one specific date. He alleges that on June 10, 2020, he told

23   defendants Lynch, Morgan, Frederick, and Collinsworth that he was "denied access to clean

24   clothes, bedding, that staff refused to follow COVID-19 safety protocols and that the staff

25   members in charge of running the STRH Unit were failing to hold custody staff accountable."

26   FAC at ¶ 82. While plaintiff does state the date of this alleged event, his allegations do not tie a

27   specific unconstitutional event to the conduct of any specific defendant. *See Diaz v. Resume*,

28   2018 WL 1626087, *3 (C.D. Cal. Mar. 30, 2018). Such allegations are not particularized enough

1    to state a claim for violation of the Eighth Amendment.

2         Plaintiff also alleges that he "personally reported" inhumane living conditions "to every

3    prison official on every shift, every day, starting in May 2020." FAC at ¶ 63.  Such allegations

4    are too vague and generalized to form the basis of a cognizable claim, as they do not adequately

5    allege both that a specific defendant deprived plaintiff of the minimal civilized measures of life's

6    necessities and that the defendant acted with deliberate indifference to plaintiff's health or safety.

7    *Farmer,* 511 U.S. at 834.  In addition, the allegations do not give individual defendants fair notice

8    of the claims against them, as required by Rule 8(a)(2).

9         In his opposition, plaintiff acknowledges that he does not have information regarding

10   when or where specific defendants worked in his unit, and states that he plans to use discovery to

11   establish these basic issues.  ECF No. 91; Opp. at 14.  Discovery, however, is not a tool to cure

12   deficiencies in pleading or to salvage a complaint that would otherwise be subject to dismissal.

13   *See, e.g., Mujica v. AirScan Inc.,* 771 F.3d 580, 593 (9th Cir. 2014) (holding that, based on

14   Supreme Court precedent, plaintiffs must satisfy pleading requirements before discovery).  If no

15   amendment prior to discovery could add sufficient factual matter to survive a motion to dismiss,

16   the case cannot be remanded for amendment.  *Id.* at 593.  Section 1983 plaintiffs are not exempt

17   from these standards.  *See, e.g., Cater v. New York,* 316 F. Supp. 3d 660, 671 (S.D.N.Y. 2018)

18   (finding in section 1983 case that "[a] plaintiff who has failed to adequately state a claim is not

19   entitled to discovery").

20        In sum, plaintiff has failed to state an Eighth Amendment conditions of confinement claim

21   against defendants Lynch, Stewart, Jones, Morgan, Fredrick, Contreras, Freriks, Nguyen,

22   Burkhart, Collinsworth, Tyler, and Manson.  Plaintiff's allegations are lengthy, but they are

23   vague, conclusory, and non-specific; plaintiff himself admits that certain essential information is

24   missing from his complaint and that he hopes to use to discovery to ascertain the facts necessary

25   to state an Eighth Amendment claim.  Plaintiff essentially alleges that his housing was sub-

26   standard, and that multiple people were responsible for it, but "[a]morphous overall conditions

27   cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single

28   human need exists."  *Brown v. Bueno*, No. 1:17-cv-01295-LJO-SKO (PC), 2018 WL 6068513, at

9

1   *3 (E.D. Cal. Nov. 20, 2018) (citing and quoting *Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991)

2   (internal quotation marks omitted)).  Moreover, the FAC fails to make "factual allegations tied to

3   the defendants' respective duties and/or actions."  *Diaz*, 2018 WL 1626087, *3.  This claim

4   should be dismissed.

5                    **2.  Eighth Amendment Claim Against Defendant Kelley**

6           Plaintiff also attempts to bring an Eighth Amendment claim against defendant Kelley

7   specifically for "unsafe, inhumane living conditions."  FAC at ¶ 179.  As plaintiff acknowledges,

8   defendant Kelley was not a correctional officer and did not work in plaintiff's unit; rather,

9   plaintiff alleges that Kelley was the appeals coordinator "responsible for processing inmate

10  appeals for STRH Unit prisoners."  *Id.* at ¶ 77.  According to plaintiff, he filed multiple written

11  reports to Kelley that notified him of allegedly inhumane conditions in plaintiff's housing unit.

12  Plaintiff claims that Kelley did not file plaintiff's grievances, failed to report sexual harassment,

13  and "made every written report, request for interview, or grievance disappear."  *Id.* at ¶¶ 77-80,

14  100.  Plaintiff also alleges, without specificity or factual support, that Kelley concealed

15  unidentified "criminal activity, violated "mandatory reporting rules", and "emboldened prison

16  officials."  *Id.* at 148-151.

17          Plaintiff fails to state an Eighth Amendment claim against defendant Kelley.  Plaintiff's

18  allegations are vague and conclusory, but he appears to be alleging that defendant Kelley's

19  management of the grievance process led to "unsafe, inhumane living conditions" for plaintiff.

20  There is no constitutional right, however, to a specific grievance procedure and no cause of action

21  for improper grievance processes.  *See, e.g., McCoy v. Roe*, 509 Fed. Appx. 660, 660-661 (9th

22  Cir. 2013); *Ramerizen v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (finding that prisoners do not

23  have a "constitutional entitlement to a specific prison grievance procedure."); *Russell v. Lumitap*,

24  31 F. 4th 729, 742 (9th Cir. 2022) (stating that "[t]here is no legitimate claim of entitlement to a

25  grievance procedure").  As a result, "actions in reviewing a prisoner's administrative appeal

26  generally cannot serve as the basis for liability in a section 1983 action."  *Thomas v. Matevousian*,

27  2018 WL 1452261, at *4 (E.D. Cal. Mar. 21, 2018).

28  ////

10

1    For example, neither denying a grievance nor failing to respond to a grievance may

2    provide grounds for a constitutional violation under section 1983.  *Ivy v. Wingo*, 2020 WL

3    5709278, *7 (S.D. Cal. Sept. 24, 2020) (no section 1983 liability for defendant who allegedly

4    failed to respond to a grievance); *Wilkins v. Barber*, 2023 WL 1111657, *29 (E.D. Cal. Jan. 30,

5    2023) (no section 1983 liability for defendant who denied a grievance).  Thus, to the extent that

6    through his vague and conclusory allegations plaintiff is attempting to state a claim based on

7    Kelley's alleged responses or lack thereof to grievances, plaintiff cannot do so.  In addition,

8    because nothing plaintiff alleges demonstrates that Kelley was on notice of a substantial risk of

9    serious harm to plaintiff, and that Kelley failed to protect plaintiff from that harm, plaintiff cannot

10    state a claim under the Eighth Amendment.  *See Farmer*, 511 U.S. at 834; *Brown v. Bueno*, 2018

11    WL 6068513, at *3 (E.D. Cal. Nov. 20, 2018) (stating that "[a]morphous 'overall conditions'

12    cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single

13    human need exists").  Plaintiff's Eighth Amendment claim against defendant Kelley should be

14    dismissed.

### 3.  Eighth Amendment Claim Based on Verbal Sexual Harassment

16    Plaintiff attempts to bring an Eighth Amendment claim based on verbal sexual

17    harassment.  Specifically, plaintiff maintains that defendant Freriks commented about plaintiff's

18    genitals "anytime he stripped me out."  FAC ¶ 103; ECF No. 91 at 16.  Plaintiff alleges that he

19    informed defendant Thompson and Dr. Morgan about these comments, and spoke to defendants

20    Lynch, Stewart, Jones, Fredrick, Contreras, Collinsworth, and Manson personally about being

21    sexually harassed.  FAC ¶¶ 122-123.

22    These allegations are essentially the same allegations regarding sexual harassment that

23    plaintiff made in his Third Amended Complaint.  ECF No. 35.  The court found those allegations

24    insufficient to state an Eighth Amendment claim based on verbal sexual harassment (ECF No. 76

25    at 11), and the same is true here.

26    Although prisoners have a right to be free from sexual abuse, the Eighth Amendment's

27    protections do not necessarily extend to mere verbal sexual harassment.  *Austin v. Terhune*, 367

28    F.3d 1167, 1171 (9th Cir. 2004); *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) ("the

11

1    exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this

2    nation's prisons of which we do not approve, but which do not violate the Eighth Amendment."

3    (internal quotation marks omitted)).  For verbal sexual harassment to violate the Eighth

4    Amendment, it must be "unusually gross even for a prison setting and . . . calculated to and did

5    cause . . . psychological damage."  *Keenan v Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).  Here,

6    plaintiff's allegations of occasional sexual comments do not meet that standard.  *Id.*  In support of

7    his claim, plaintiff relies on *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000).  *Schwenk*,

8    however, involves a claim of sexual assault by a guard and not, as here, a claim of occasional

9    sexual comments.  Plaintiff has not made allegations sufficient to state a claim for verbal sexual

10   harassment under the Eighth Amendment, and this claim should therefore be dismissed.

11                      **4.  Eighth Amendment Claim Based on Exposure to COVID-19**

12         Plaintiff attempts to allege an Eighth Amendment claim based on exposure to COVID-19.

13   Specifically, he alleges that CDCR policies on sanitation and hygiene were not followed when he

14   was at CSP-Sacramento.  FAC at ¶¶ 37-42, 49.  Plaintiff also maintains that defendants Freriks,

15   Nguyen, Burkheart, Collinsworth, and Manson "jointly and severely" denied plaintiff sanitation

16   protocols and did not disinfect the yard, telephones or showers, wear a mask, or get medical

17   attention for sick inmates.  *Id.* at ¶¶ 52-53.  Plaintiff also alleges that defendants Tyler and

18   Burkhart did not wear masks.  *Id.* at ¶¶ 93-94, 115-117.  Plaintiff does not allege that he caught

19   COVID-19 as a result of defendants' actions; rather, he claims that he developed "COVID-like

20   symptoms."  *Id.* at ¶ 119.

21         Correctional staff have an obligation under the Eighth Amendment to protect prisoners

22   from infectious diseases.  *Helling v. McKinney*, 509 U.S. 25, 33 (1993).  To succeed on such a

23   claim, a prisoner must allege facts showing the risk posed by the disease was sufficiently serious

24   and that the defendant was aware of the risk but failed to take reasonable steps to abate it.  *Davis*

25   *v. Allison*, 2023 WL 6796753, * 3 (E.D. Cal. Oct. 13, 2023).  As was the case in his TAC,

26   plaintiff has not alleged facts from which it can be determined that defendants were subjectively

27   aware that they were exposing plaintiff to COVID-19.  Plaintiff alleges that defendants Tyler and

28   Burkhart did not wear masks, but he does not allege that either defendant had COVID-19.

1  Plaintiff also does not allege that he contracted COVID-19.  Notably, symptoms of COVID-19

2  can be similar to those of the cold, influenza, or other respiratory ailments.  Without allegations

3  that Burkheart or Tyler had COVID-19 and were aware of it, and without allegations that plaintiff

4  contracted COVID-19 after interactions with defendants, plaintiff cannot demonstrate an Eighth

5  Amendment violation based on alleged exposure to COVID-19.  *Davis*, 2023 WL 6796753, * 3

6  (finding that without allegations that support a finding a deliberate indifference, plaintiff's

7  complaint fails to state an Eighth Amendment conditions of confinement claim based on exposure

8  to COVID-19); *Peyton v. Cates*, 2022 WL 1430752, at *5 (E.D. Cal. May 5, 2022) (same); *Tran

9  v. Tompkins*, 2023 WL 6850038, at *8 (C.D. Cal. Sept 1, 2023) (plaintiff must allege facts

10  demonstrating that "each Defendant was aware of a substantial risk of harm to Plaintiff in

11  particular" to state a claim based on exposure to COVID-19).

12       In his opposition, plaintiff argues that his allegations that certain defendants failed to

13  follow mandatory COVID-19 protocols are sufficient to state an Eighth Amendment claim based

14  on exposure to COVID-19.  Opp. at 17.  Plaintiff is incorrect.  Allegations of failure to follow

15  prison policy, without more, are not enough to state a claim for violation of section 1983.  *See,

16  e.g.*, *Case v. Kitsap County Sheriff's Dept.*, 249 F.3d 921, 929-30 (9th Cir. 2001) (finding that

17  there is no section 1983 liability for violation of a prison policy; rather, a plaintiff must

18  demonstrate that there was a violation of his constitutional rights).

19       Plaintiff's reliance on *Hampton v. California*, 83 F.4th 754, 758-59 (9th Cir. 2023) is

20  similarly misplaced.  The *Hampton* plaintiff was the wife of an inmate who had died as the result

21  of an outbreak of COVID-19.  *Id.*  Plaintiff specifically alleged that her late husband contracted

22  and later died from COVID because prison officials, in violation of applicable policy, transferred

23  high-risk prisoners from a prison with a serious COVID-19 outbreak to her husband's facility,

24  which had previously been COVID-free.  *Id.* at 759-760.  Under such circumstances, defendants

25  were not entitled to dismissal of the complaint on immunity grounds.  *Id.* at 758-59.  Here, by

26  contrast, plaintiff does not allege that he contracted COVID, that defendants were infected with

27  COVID, or that any defendants were aware of any specific risk to plaintiff as a result of their

28  actions.  This is a far cry from the specific, detailed actions at issue in *Hampton*, actions which

resulted in the infection and death of the prisoner.  Without factual allegations demonstrating a serious risk of COVID, and that each defendant was specifically aware of the risk but failed to take reasonable steps to abate it, plaintiff cannot state a claim for Eighth Amendment liability based on exposure to COVID-19.  *See Davis*, 2023 WL 6796753, *3.  Accordingly, this claim should be dismissed.

### B.  First Amendment Retaliation Against Defendant Kelley

Defendant Kelley maintains that plaintiff has not adequately stated a claim for First Amendment retaliation against him.  "A plaintiff may bring a Section 1983 claim alleging that public officials, acting in their official capacity, took action with the intent to retaliate against, obstruct, or chill the plaintiff's First Amendment rights."  *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016).  To state a First Amendment retaliation claim, "the plaintiff must allege that (1) [he] engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct – i.e., that there was a nexus between the defendant's actions and an intent to chill speech."  *Id.*  A plaintiff need not establish that the defendant's actions actually suppressed or inhibited his speech; rather, "a plaintiff need only show that the defendant 'intended to interfere' with the plaintiff's First Amendment rights and that it suffered some injury as a result."  *Id*.

Defendant argues that the FAC is deficient because it does not adequately state facts showing that Kelley took any adverse action against plaintiff because of protected conduct of which Kelley was aware.  Plaintiff generally alleges that his "daily complaints, grievances and appeals" led to retaliation by defendant Kelley.  FAC at ¶ 76.  He also alleges that Kelley refused to file plaintiff's grievances, resulting in "immediate retaliation" to plaintiff after plaintiff reported Kelley to the Warden.  *Id.* at ¶ 79.  His primary allegations against Kelley are as follows:

> In response to Plaintiff petitioning the government for redress of grievances and exercising his rights to free speech under the 1st Amendment Defendant J. Kelley committed the following retaliatory acts against Plaintiff.
>
> • Set in motion a series of actions he knew would violate Plaintiff's

constitutional rights.
- Weaponized the appeal system by concealing criminal activity, and prison official misconduct
- Obstructed Plaintiff's access to the courts, and
- Emboldened prison officials to violate Plaintiff's constitutional rights until Plaintiff was silenced.

*Id.* at ¶ 188.

Defendant Kelley is correct that plaintiff's allegations are insufficient to state a claim for First Amendment retaliation against him.  To state such a claim, plaintiff is required to adequately allege that there is a nexus between plaintiff's protected activity and the alleged adverse actions of defendant.  *Ariz. Students' Ass'n*, 824 F.3d at 867.  In addition, plaintiff must do more than simply allege that any adverse action took place after the exercise of the protected activity. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).  This plaintiff does not do.

The FAC contains only vague allegations regarding plaintiff "exercising his rights to free speech" and does not include dates or other details regarding the allegedly protected activity. Plaintiff's allegations regarding Kelley's purported retaliation, such as "embolden[ing] prison officials to violate Plaintiff's constitutional rights", are similarly vague and conclusory, and do not amount to "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). Moreover, plaintiff has not adequately plead facts demonstrating a nexus between his protected activity and Kelley's behavior, and the Ninth Circuit has confirmed that "mere speculation that defendants acted out of retaliation is not sufficient."  *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).  Because plaintiff has failed to plead a First Amendment retaliation claim against defendant Kelley, this claim should be dismissed.

### C.  New Allegations Against Defendant Thompson

Plaintiff's FAC contains multiple new allegations (FAC at ¶¶ 107, 111, 159-177, 203-207) against defendant Thompson that were not a part of his Third Amended Complaint.  ECF No. 35. Defendant Thompson moves for these allegations to be struck pursuant to Federal Rule of Civil Procedure 12(f), which permits a court to strike "any redundant, immaterial, impertinent or scandalous material."

15

1    Plaintiff's TAC contained a Fourteenth Amendment claim against defendant Thompson,

2    which she moved to dismiss. ECF No. 53. Her motion to dismiss was denied. Given that result,

3    plaintiff was not granted leave to amend it. ECF No. 78 at 3-4. Moreover, the court's order

4    specifically stated that should he wish to file an amended complaint, plaintiff was given leave to

5    attempt to cure the deficiencies identified in the claims that were dismissed with leave to amend.

6    *Id.* at 4. Plaintiff was not given leave to add new claims against existing defendants or to amend

7    claims that had not been dismissed. *Id.*

8    Amendments that exceed the scope of a court's order may be stricken. *See Lizza v.*

9    *Deutsche Bank Nat'l. Tr. Co.,* 715 F. Appx. 620, 622 (9th Cir. 2017). Here, plaintiff states that he

10   is attempting to establish "deliberate indifference" on the part of defendant Thompson through the

11   additional allegations in the FAC. Opp. at 23. This claim is distinct from the Fourteenth

12   Amendment privacy claim upheld by the court. ECF No. 78. Plaintiff also does not assert that

13   these new allegations are based on information previously unknown to him. *See Lizza*, 715 F.

14   Appx. at 623 (late amendments to assert new theories may be rejected when the "'the facts and

15   the theory have been known to the party seeking amendment since the inception of the cause of

16   action'") (citing *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999)).

17   Because plaintiff was not given leave to amend his claims against defendant Thompson, the

18   additional allegations against her in the FAC (¶¶ 107, 11, 159-177, 203-207) should be stricken

19   pursuant to Rule 12(f).

20                                    **D.  Leave to Amend**

21   Defendants motion seeks dismissal of the Eighth Amendment claims against them without

22   further leave to amend. Defendant Kelley also moves for the First Amendment claim against him

23   to be dismissed without leave to amend. "Although a district court 'should freely give leave [to

24   amend] when justice so requires,' Fed. R. Civ. P. 15(a)(2), the court's discretion to deny such

25   leave is 'particularly broad' where the plaintiff has previously amended its complaint."

26   *Ecological Rights Fndn. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (citing *Miller*

27   *v. Yokohoma Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)). Here, plaintiff has had multiple

28   opportunities to amend his complaint since 2021, and he has been unable to state either any

Eighth Amendment claims against various defendants, or a retaliation claim against defendant Kelley. Despite guidance from the court, plaintiff's allegations continue to be overbroad and conclusory, and after five complaints, there is no indication that further leave to amend would cure these deficiencies. In addition, as discussed *supra*, plaintiff acknowledges that he plans to use discovery to ascertain certain information necessary to state a claim. Given plaintiff's numerous opportunities to assert his claims, and the likely futility of any amendment, dismissal of plaintiff's claim without leave to amend is appropriate. *See, e.g. Ecological Rights Fndn.*, 713 F.3d at 520; *Aguiar v. California Sierra Exp., Inc.*, 2012 WL 1593202, *2 (E.D. Cal. May 4, 2012) (finding that dismissal without leave to amend is appropriate where an already-amended complaint relies on "threadbare allegations and legal conclusions"); *Peyton*, 2022 WL 1430752, *9 (dismissing pro se plaintiff's fourth amended complaint without leave to amend on futility grounds).

## IV.    Recommendations

For the foregoing reasons, it is RECOMMENDED that:

1.     Defendants' motion to dismiss (ECF No. 84) be GRANTED in its entirety;

2.     Plaintiff's Eighth Amendment claims against all defendants be DISMISSED WITH PREJUDICE from the Fourth Amended Complaint (ECF No. 81);

3.     Plaintiff's First Amendment retaliation claim against defendant Kelley be DISMISSED WITH PREJUDICE;

4.     Paragraphs 107, 11, 159-177, and 203-207 be STRICKEN from plaintiff's Fourth Amended Complaint;

5.     Defendants Kelley, Lynch, Stewart, Jones, Morgan, Fredrick, and Contreras be DISMISSED from plaintiff's Fourth Amended Complaint;

6.     Leave to amend the Fourth Amended Complaint be DENIED;

7.     This action proceed solely on the First Amendment claim against defendants Freriks, Burkhart, Collinsworth, Tyler, Manson, and Nguyen, and the Fourteenth Amendment claim against defendant Thompson based solely on cell-side consultations.

1      These findings and recommendations are submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

6  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

7  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

8

9  Dated: August 7, 2025

10                               EDMUND F. BRENNAN

UNITED STATES MAGISTRATE JUDGE